UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KHA'SUN CREATOR ALLAH,

                                    Plaintiff,                    DECISION AND ORDER

                                                                  14-CV-6735L
                         v.

LYNN MORRISON, et al.,

                                    Defendants.
_____


        Plaintiff Kha'Sun Creator Allah ("Allah"), an inmate in the custody of the New York

State Department of Corrections and Community Supervision ("DOCCS"), brings this action

under 42 U.S.C. § 1983.  The original complaint brought a claim against a single defendant,

Correction Officer Lynn Morrison, alleging that in 2013, while plaintiff was confined at Elmira

Correctional Facility, Morrison violated his First Amendment rights by retaliating against him for

filing grievances and complaints against her.

        On August 22, 2016, Magistrate Judge Marian W. Payson of this Court issued a Decision

and Order (familiarity with which is assumed) granting plaintiff's motion for leave to file an

amended complaint.  2016 WL 4017340.  Specifically, plaintiff was permitted to:  (1) add two

new defendants, Deputy Superintendent of Security P. Piccolo and Corrections Sergeant M.

Randall, and to assert claims against them for failing to intervene or take corrective action after

plaintiff notified them of Morrison's conduct; (2) add a Fourteenth Amendment retaliation claim

against Morrison, based on the same facts as his First Amendment claim; and (3) add a cause of

action under the Eighth Amendment, also based on those same facts.  Plaintiff did subsequently

file an amended complaint (Dkt. #25), consistent with Magistrate Judge Payson's Decision and Order.

Defendants have moved for summary judgment dismissing all of plaintiff's claims for failure to exhaust his administrative remedies, or in the alternative for summary judgment dismissing plaintiff's claims against Piccolo and Randall on the merits.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust any administrative remedies available to him before bringing an action for claims arising out of his incarceration. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Woodford v. Ngo*, 548 U.S. 81, 82 (2006). The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. Further, the exhaustion requirement applies even where the prisoner seeks relief not available in the administrative grievance process, such as monetary damages. *Id.* at 524. To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility in which he is incarcerated. *See Jones v. Bock*, 549 U.S. 199, 218 (2007).

In New York, the administrative grievance process typically comprises three steps. The first step in that process is the filing of a grievance with the Inmate Grievance Resolution Committee ("IGRC"). Next, the inmate may appeal an adverse decision to the prison superintendent. Finally, the inmate may appeal the superintendent's decision to the Central

Office Review Committee ("CORC").  *See Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006);

*Cosme v. Furman*, 769 F.Supp.2d 110, 113 (W.D.N.Y. 2011); 7 N.Y.C.R.R. § 701.5(b).

New York regulations also provide for an expedited two-step process when the inmate

complains of staff harassment.  *See* 7 N.Y.C.R.R. § 701.8; *Espinal v. Goord*, 558 F.3d 119, 125

(2d Cir. 2009); *Brownlee v. Graham*, No. 12-CV-400, 2013 WL 5939697, at *4 (N.D.N.Y. Nov.

5, 2013).  Under that procedure, the grievance is sent directly to the superintendent.  *Espinal*, 558

F.3d at 125.  Under either procedure, however, an inmate must generally appeal to and receive a

decision from CORC prior to filing a federal lawsuit.  *Brownlee*, 2013 WL 5939697, at *4.

Defendants contend that plaintiff did not file and appeal to completion any grievances

concerning the matters raised in this lawsuit.  In support of their motion,, defendants have

submitted a declaration of Jeffery Hale, the Assistant Director of the Inmate Grievance Program

("IGP") for DOCCS.  (Dkt. #37-3.)  Hale states that he conducted a thorough search of plaintiff's

grievances, which revealed that during the relevant time period (roughly the latter half of 2013),

plaintiff filed two grievances at Elmira relating to actions allegedly taken against him by

Morrison.  Both grievances were denied by the superintendent, on the ground that the results of

an investigation did not support plaintiff's claims.  *See* Hale Decl. Exs. C, D.[1]

In the first of these grievances, numbered EL41160-13 ("160 Grievance"), which is dated

July 18, 2013, plaintiff alleged that Morrison wrongfully turned off the electric power in his cell.

In a declaration filed in opposition to defendants' summary judgment motion, plaintiff concedes

that he did not appeal to CORC, as to that grievance.  Plaintiff states that after he filed the

---

[1] Hale states, and has presented evidence, that plaintiff did file and fully appeal five other grievances at Elmira, but they did not relate to the matters alleged in this lawsuit, and were not filed during the relevant time period of July to November 2013.  Hale Decl. ¶¶ 13-15, and Ex. B.

grievance, his power was turned back on, so he assumed that the situation had been resolved.  He therefore did not appeal from the superintendent's July 29, 2013 denial of the grievance.  (Dkt. #40 ¶¶ 7-9.)

In the second grievance, numbered EL 41834-13 ("834 Grievance"), which is dated November 11, 2013, plaintiff recited a list of problems he had with Morrison dating back to July. He alleged that Morrison continued to cut off the electricity to his cell, and he alleged Morrison's acts of harassment (which are described in Magistrate Judge Payson's decision) that form the basis of his claims in this action.  The gist of his allegations was that Morrison was harassing him in retaliation for his filing of the 160 Grievance.   The 834 Grievance was denied by the superintendent on December 20, 2013.  Hale Decl. Ex. D.

There is no dispute that plaintiff never received a CORC decision on an appeal from the superintendent's decision.  Plaintiff alleges that after being notified of the superintendent's denial, he handed an appeal to a correction officer, and, after not hearing back for some time, he sent a letter to the Inmate Grievance Program supervisor, B. Abrunzo.  (Dkt. #40-5 at 60.)  In that letter, dated May 11, 2014, plaintiff stated, "I submitted my C.O.R.C. Appeal to your office on December 23, 2013, and I've yet to receive a receipt of Appeal from C.O.R.C.  I would like to know if my appeal was received by your office and filed with C.O.R.C.  I hope to hear from you soon regarding this urgent matter." *Id.*

On May 13, 2014, Abrunzo sent a response to plaintiff, stating that "[t]he IGRC did not receive an appeal from [plaintiff] for this grievance.  Therefore, it was not appealed to CORC." (Dkt. #40-5 at 61.)  Abrunzo stated that had plaintiff inquired about the status of his appeal "within [a] reasonable amount of time this could have been resolved in a timely manner," but

that because plaintiff had not done so, "any appeal at this time would be considered untimely and would not be accepted." *Id.*

Plaintiff then filed another grievance, numbered EL426621-14 ("621 Grievance"), dated May 18, 2014.  In that grievance, plaintiff stated, "I'm grieving the fact my C.O.R.C. Appeal never reached the I.G.R.C., despite the fact I put a sealed envelope containing my C.O.R.C. Appeal addressed to the I.G.R.C. in the hands of the C.O. during mail pickup on the evening of December 23, 2013."  (Dkt. #40-5 at 63.)  On June 17, 2014, the superintendent denied the grievance, stating that "[t]he investigation reveals that an appeal was not filed in a reasonable amount of time.  There is no evidence to support any wrongdoing by staff.  There is a procedure in place to eliminate processing errors.  This procedure was not followed." *Id.* at 65.

New York's regulations concerning prisoner grievances provide that appeals to CORC must go through the IGP central office.  CORC is supposed to render a decision, and transmit that decision, to the grievant and other direct parties within 30 days from the time the grievance was received.  7 N.Y.C.R.R. 701.5(d).  That applies both under the usual three-step process, and the expedited two-step procedure. *See* 7 N.Y.C.R.R. § 701.8(i) (making procedures set forth in § 701.5 applicable to grievances handled under § 701.8).[2]

The regulations further state that "[i]f a grievant does not receive a copy of the written notice of receipt [of his appeal by CORC] within 45 days of filing an appeal, the grievant should

---

[2] It appears in this case that the 160 and 834 grievances were both processed under the expedited, two-step procedure, but whether the two- or three-step procedure was followed here is immaterial to the issue of whether plaintiff exhausted his remedies.  Under either procedure, plaintiff was required to timely appeal to CORC, and in that regard the procedures were identical.

contact the IGP supervisor in writing to confirm that the appeal was filed and transmitted to CORC." 7 N.Y.C.R.R. § 701.5(d)(3)(i).

Assuming the truth of plaintiff's allegation that he handed a CORC appeal to a correction officer on December 23, 2013, it is evident from the record–including plaintiff's own submissions–that plaintiff did not seek confirmation that his appeal had been received by CORC until May 11, 2014, about four and a half months later.  That is far beyond the time called for under the regulations.

There is also case authority that a prisoner who has not received a response to his grievance or appeal must inquire about its status within a "reasonable time."  *See*, *e.g.*, *JCG v. Ercole*, No. 11 Civ. 6844, 2014 WL 1630815, at *7 (S.D.N.Y. Apr. 24, 2014); *Garcia v. Heath*, No. 12 CV. 4695, 2013 WL 3237445, at *5 (S.D.N.Y. June 25, 2013); *Hecht v. Best*, No. 12 Civ. 4154, 2012 WL 5974079, at *3 (S.D.N.Y. Nov. 28, 2012).  In the case at bar, the superintendent found that plaintiff's inquiry about the status of his appeal had not been made within a reasonable time, and I concur with that finding.  Even assuming that some delays in the processing of appeals are to be expected, it is simply not reasonable to wait over four months to ask about the status of an appeal, particularly when the grievant was never informed that the appeal had even been received.

Plaintiff's 621 Grievance, complaining that the 834 Grievance had apparently not been received by CORC, does not save his claims here.  For one thing, plaintiff's claims in this lawsuit are not based on the denial of the 621 Grievance, but on the matters asserted in his prior grievances.  For another, the 621 Grievance was properly denied, for the reasons stated above.

The United States Supreme Court has emphasized the mandatory nature of the PLRA's exhaustion requirement. *See Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016) ("mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion"). As one such statute, "the PLRA prevent[s] a court from deciding that exhaustion would be unjust or inappropriate in a given case." *Id.* at 1858.

That is not to suggest that the Court believes that requiring exhaustion *is* unjust or inappropriate here. Plaintiff has presented no sound reason why he waited so long to check on the status of his appeal. The point is that the rules governing the exhaustion requirement are not lightly to be set aside, and I see no reason to do so here.[3]

**CONCLUSION**

Defendants' motion for summary judgment (Dkt. #37) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 31, 2020.

---

[3] The Court's conclusion that the complaint should be dismissed for failure to exhaust administrative remedies renders it unnecessary for me to reach defendants' arguments concerning the merits of plaintiff's claims against Piccolo and Randall.